Lowy, J.
(concurring). I agree that the evidence supports a verdict of murder in the second degree and that the prosecutor’s closing argument was not improper. I also agree with the approach of transferring the portion of the case concerning the denial of the defendant’s motion to reduce the verdict to the county court for review by Justice Gaziano, acting as single justice. I write separately because I believe that convening a study *221 group “to assist us in gaining a better understanding of current practices employed by the various district attorneys and the Attorney General before considering an extension of the rule in the Walczak case to similar types of grand jury proceedings involving adults” is unnecessary and imprudent. I believe it is unnecessary for the reasons stated in Justice Spina’s opinion in Commonwealth v. Walczak, 463 Mass 808, 844-856 (2012) (Spina, J., concurring in part and dissenting in part).
I believe extending the Walczak protocol to adult murder cases is imprudent for a number of reasons. First and foremost, while the grand jury is an arm of the court and this court’s superintendence power reaches its proceedings, the manner of presentation of evidence to the grand jury rests with the executive branch, absent impairment of the integrity of the grand jury. Second, should the court intrude into grand jury proceedings in murder prosecutions, why should it not do so in armed assault with intent to murder cases when there is evidence of mitigation, or in indecent assault and battery cases when there is evidence that the touching was accidental or consensual? Third, will the Commonwealth now have to anticipate evidence of mitigation through the eyes of defense counsel or proactively investigate evidence of mitigation at the earliest stages of a prosecution? Finally, adopting such a rule will add a plethora of new motions and appeals relative to the quality or absence of the Commonwealth’s instructions. Trial judges are not infrequently reversed for failing to give a manslaughter instruction or because of error in instructions inadvertently shifting the burden of proof of mitigation to the defendant. Should Walczak be extended to adult murder cases, countless issues will be raised concerning the need for and quality of such instructions. While these issues are of paramount importance at trial, a grand jury proceeding is not a trial. For the past 236 years the grand jury has been an investigatory and accusatory body in this Commonwealth. Commonwealth v. Moran, 453 Mass. 880, 884 n.7 (2009). The convening of a study group will be but a first step in the erosion of that vital and historic function.